FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAR 3 · 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BILLY A. McLEAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cr. No. 90-0318-01 (TFH) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA. | ) |
| | ) |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Billy A. McLean's "Motion Pursuant to 18 U.S.C. § 3742 [For] Review of Sentence and 18 U.S.C. § 3553(a), (b), and (c)(2)." Upon careful consideration of Petitioner's motion, the government's opposition, and the entire record herein, the Court will dismiss Petitioner's motion.

### I.  PROCEDURAL HISTORY

On September 27, 1991, a jury convicted Petitioner of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and aiding and abetting a class "C" felony in violation of 18 U.S.C. § 2. The Court determined that the petitioner qualified as a "career offender" within the meaning of § 4B1.1 of the Sentencing Guidelines, and sentenced him to 210 months imprisonment, the minimum sentence within the specified 210-260 month range. See U.S.S.G. § 4B1.1. The Court of Appeals for the District of Columbia Circuit affirmed his conviction and sentence on October 24, 1991. United States v. McLean, 951 F.2d 1300 (D.C. Cir. 1991), cert. denied, 603 U.S. 1010 (1992).

Petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on April 20, 1994. In the motion, Petitioner argued that the Court improperly

increased his sentence as a result of its determination that the he was a "career offender." The

Court denied this first motion on November 30, 1995. On May 29, 2001, Petitioner filed his

second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In this

second motion, Petitioner again argued that the Court improperly engaged in an upward

sentencing adjustment on the basis of his "career offender" classification. The Court dismissed

the motion on August 7, 2001, because the petitioner failed to first obtain certification for the

motion from the Court of Appeals pursuant to 28 U.S.C. §§ 2244 and 2255. On July 3, 2003,

Petitioner filed the instant motion.

## II. DISCUSSION

Petitioner's "Motion Pursuant to 18 U.S.C. § 3742 [For] Review of Sentence and 18

U.S.C. § 3553(a)(b) and (c)(2)" is, in effect, a third successive motion under 28 U.S.C. § 2255. In

this third motion, Petitioner requests review of his sentence pursuant to 18 U.S.C. §§ 3742 and

3553(a)(b) and (c)(2), but, as with his two previous motions, Petitioner argues that the Court

improperly adjusted his sentence when it considered his "career offender" status. Because

Petitioner's motion is substantively a successive motion pursuant to 28 U.S.C. § 2255, and

because Petitioner failed to obtain certification to file a successive § 2255 motion from the D.C.

Circuit, this Court lacks jurisdiction to consider the motion. Therefore, the motion must be

dismissed.

### A.     Petitioner's Motion is Substantively a Third Motion Pursuant to 28 U.S.C. § 2255

A court must determine the proper characterization of a motion by the nature of the relief

sought. See United States v. Palmer, 296 F.3d 1135, 1145 (D.C. Cir. 2002) ("District courts

2

should not re-characterize a motion purportedly made under some other rule as a motion made under § 2255 *unless* . . . the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought . . . .`` (emphasis added)). Therefore, a motion functionally equivalent to a § 2255 motion to vacate, set aside, or correct a sentence will be construed as such, when appropriate, regardless of the caption on the pleading. See Palmer, 296 F.3d at 1145 (acknowledging that the district court had authority to re-characterize a motion for a new trial as a motion under § 2255); see also In re: Pasha, No. 02-3035, 2002 U.S. App. LEXIS 12185, at *1-2 (D.C. Cir. June 18, 2002) (district court's re-characterization of a motion pursuant to Fed. R. Civ. P. 60(b) as a motion pursuant to§ 2255 was proper); United States v. Williams, No. 00-3165, 2001 U.S. App. LEXIS 4015, at *1 (D.C. Cir. Feb. 7, 2001) (same); United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (motion filed under Declaratory Judgment Act properly construed as a § 2255 motion).

In the motion now before the Court, Petitioner challenges the legality of his sentence, arguing that the Court departed from the Sentencing Guidelines in violation of the law. Pet'r's Mot. 1. Petitioner bases his right to seek review of his sentence on 18 U.S.C. §§ 3742 and 3553. Id. Section 3742, however, provides for direct appellate review of a sentencing decision, while § 3553 describes the factors to be considered when imposing a sentence. See 18 U.S.C. §§ 3742, 3553. Neither § 3742 or § 3553 supply the Court with jurisdiction to address the issues raised in Petitioner's motion, nor do they provide Petitioner the requested relief. Therefore, § 2255, which provides for collateral attack on an imposed sentence, establishes the only means for the Petitioner to proceed in his challenge to the legality of his sentence. See Smith v. United States, 270 F.2d 921, 924 (D.C. Cir. 1959) (§ 2255 motion broadly covers all situations where the

3

sentence is open to collateral attack).  Accordingly, the Court will recharacterize Petitioner's "Motion Pursuant to Title 18 U.S.C. § 3742 [For] Review of a Sentence and Title 18 U.S.C. § 3553(a)(b) and (c)" as a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence.

The Court is not required to notify Petitioner of this decision prior to its re-characterization of the instant motion.  In <u>United States v. Palmer</u>, the Court of Appeals for the D.C. Circuit held that a district court's re-characterization of a motion as a § 2255 motion "will not count as a 'first' habeas motion sufficient to trigger AEDPA's gate-keeping requirements" unless: (1) "the movant, with knowledge of the potential adverse consequences of such re-characterization, agrees to have the motion so re-characterized," or (2), after being advised of the consequences of non-response to notification of re-characterization, the movant fails to respond within a specified time period.  <u>Palmer</u>, 296 F.3d at 1145-46; <u>see also</u> discussion <u>infra</u> Part C, pp. 5-6 (regarding gate-keeping requirements of 28 U.S.C. § 2255).  As the D.C. Circuit recognized in <u>In re Lorenzo Conyers</u>, however, a district court need not follow the procedures outlined in <u>Palmer</u> when the defendant has "already filed two motions expressly based on Section 2255 prior to the filing of the motion at issue . . . ."  <u>In re Lorenzo Conyers</u>, No. 03-3035, 2003 U.S. App. LEXIS 10395 at *1-2 (D.C. Cir. May 22, 2003).  Therefore, Petitioner, who filed two § 2255 motions prior to the instant motion, is not entitled to the notification procedures outlined in <u>Palmer</u> before this Court re-characterizes his "Motion Pursuant to 18 U.S.C. § 3742 [for] Review of Sentence and 18 U.S.C. § 3553(a), (b), and (c)(2)" as a motion to vacate, set aside, or correct a sentence pursuant to § 2255.

4

**B.    The Court Lacks Jurisdiction to Consider Petitioner's Motion Because
Petitioner Failed to Obtain Certification from the Court of Appeals to File a
Successive Motion Under Section 2255.**

Once re-characterized, this motion represents Petitioner's third motion filed pursuant to §

2255, and, as such, constitutes a successive motion requiring certification from a panel of the

D.C. Circuit. When a petitioner seeks to file a second or successive § 2255 motion in the court

that imposed the sentence, he must first obtain certification from the appropriate Court of

Appeals. 28 U.S.C. § 2244(b)(3) (providing that "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application" and that

the motion "shall be determined by a three-judge panel in the court of appeals," which "may

authorize the filing of a second or successive application only if it determines that the application

makes a prima facie showing that the application satisfies the requirements of this subsection").

The sentencing court lacks jurisdiction to consider a second or successive motion without

certification from the Court of Appeals. 28 U.S.C. § 2255; see also United States v. Barnes, No.

98-3144, 1999 WL 229018, at *1 (D.C. Cir. Mar. 31, 1999) (holding that district court lacks

jurisdiction to hear a second or successive § 2255 motion absent certification from the Court of

Appeals); accord United States v. Levi, No. 97-3052, 1997 WL 529069, at *1 (D.C. Cir. July 29,

1997); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997); Coleman v. United States, 106

F.3d 339, 340-41 (10th Cir. 1997); United States v. Pollard, 161 F. Supp. 2d 1, 3 (D.D.C. 2001).

In order to certify the motion, the Court of Appeals must find that it contains (1) "newly

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Petitioner failed to obtain certification from the Court of Appeals for the D.C. Circuit for the instant motion. The Court, therefore, has no jurisdiction to entertain Petitioner's successive § 2255 motion, and will dismiss the motion accordingly.

### III. Conclusion

For the reasons stated above, the Court will dismiss Petitioner's "Motion Pursuant to 18 U.S.C. § 3742 [for] Review of Sentence and 18 U.S.C. § 3553(a), (b), and (c)(2)." An appropriate order will accompany this Memorandum Opinion.

March ___/___ , 2006

_____
Thomas F. Hogan
Chief Judge

Copies to:

Billy A. McLean
Reg. No. 15331-016
Federal Correction Institution
P.O. Box 669
Estill, SC 29918-0699

Lynne E. Haaland
Assistant United States Attorney
Special Proceedings Section/ Room 10-824
555 4th Street, NW
Washington, DC 20530